IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:26-cv-610

| | |
|---|---|
| LaWANDA BLAIR-FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

Pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") respectfully submits this Memorandum in Support of its Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings.

## I. BOTTOM LINE UP FRONT

Plaintiff LaWanda Blair-Foster ("Blair-Foster" or "Plaintiff") executed a binding arbitration agreement in connection with her employment with Wells Fargo that requires her to arbitrate any employment-related claims she has against Wells Fargo. Notwithstanding that valid and enforceable agreement, Blair-Foster filed this lawsuit asserting disability discrimination and retaliation claims under the Americans with Disabilities Act, as amended—the very statute and the very theories the agreement names as covered. (*See generally* ECF No. 1; **Mot. Exhibit A: Arbitration Agreement**.) Blair-Foster cannot avoid her obligation to arbitrate. The Court should compel Blair-Foster to arbitrate her claims and dismiss this action or, alternatively, stay it pending arbitration pursuant to her agreement with Wells Fargo and the FAA.

## II. FACTUAL BACKGROUND

Blair-Foster worked for Wells Fargo, beginning in 2019. (ECF No. 1 ¶ 6.) In connection with her employment, Blair-Foster electronically executed the Wells Fargo Mutual Arbitration Agreement (the "Agreement") on August 8, 2019. (*See* Mot., Exhibit A.)

The Agreement includes, in part:

> Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury.

*Id.*

The Agreement further identifies covered claims, including:

> The Claims covered by this Agreement with any Wells Fargo entity . . . include, but are not limited to, claims for discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, expense reimbursement, wages, compensation, or claims for violations of any federal, state, or local statute, regulation, or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964, *Americans with Disabilities Act*, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Rehabilitation Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act, Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments.

*Id. (emphasis added)*.

The Agreement excludes only workers' compensation claims, unemployment compensation benefit claims, and claims for benefits under the Employee Retirement Income Security Act—none of which Blair-Foster asserts. *Id.* The Agreement does not preclude an employee from filing claims with governmental agencies, *id.*, and Blair-Foster did so here, filing a charge of discrimination with the Equal Employment Opportunity Commission before bringing suit. (ECF No. 1, ¶ 81.) Under the Agreement, covered claims must be brought in arbitration.

Despite the Agreement, Blair-Foster filed suit in this Court on July 28, 2026. (ECF No. 1.) Her Complaint asserts a single count under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 (together, the "ADA"), 42 U.S.C. §§ 12101 *et seq.*, with two subparts: disability discrimination and retaliation. (ECF No. 1 ¶¶ 60–78.) Both arise from her employment with Wells Fargo and from the end of that employment, which Blair-Foster describes as her "displacement." (*Id.* ¶¶ 6–59, 72, 74.) She further demands a jury trial. (*Id.* ¶ 82.)

Before filing this Motion, counsel for Wells Fargo conferred with Plaintiff's counsel regarding whether Plaintiff would consent to arbitrate her claims. Plaintiff did not provide her consent and thus, Wells Fargo submits this Motion.

Blair-Foster's claims fall squarely within the scope of the binding Agreement and should be compelled to arbitration.

## III. STANDARD OF REVIEW

The Fourth Circuit has found that a motion to dismiss and compel arbitration is properly considered under Rule 12(b)(3) for improper venue, noting that the Supreme Court has characterized an arbitration clause as "a specialized kind of forum-selection clause." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 n.9 (4th Cir. 2012) (citing cases); *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) ("A motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue.").[1] "The party seeking to compel arbitration bears the burden of establishing the existence of an arbitration provision that purports to cover the dispute." *Scales v. SSC Winston-Salem Operating Co., LLC*, No. 1:17-cv-539, 2017 WL 4467278, at *2 (M.D.N.C.

---

[1] Courts in the Fourth Circuit have also applied Rules 12(b)(1) and 12(b)(6) to motions to compel arbitration. *See Lomax v. Weinstock, Friedman & Friedman, P.A.*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014), *aff'd*, 583 F. App'x 100 (4th Cir. 2014). Thus, Defendant moves to compel arbitration under Rules 12(b)(1), 12(b)(3), and 12(b)(6).

Oct. 5, 2017). If Defendant makes this evidentiary showing, "the party opposing arbitration must come forward with sufficient facts to place the entitlement to arbitration in dispute." *Id.* (citing *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)).

## IV. LEGAL ARGUMENT

"[T]he FAA provides that '[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Capps v. Harris*, Nos. 5:18-cv-133 and 7:18-cv-47, 2019 WL 2404547, at *4 (E.D.N.C. June 6, 2019) (quoting 9 U.S.C. § 2). "'[U]pon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .'" *Id.* (quoting 9 U.S.C. § 3). "[A] 'party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . ., for an order [compelling arbitration as provided for in the agreement].'" *Id.* (quoting 9 U.S.C. § 4). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Courts "must compel arbitration if: '(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement.'"

*Keena v. Groupon, Inc.*, 192 F. Supp. 3d 630, 634 (W.D.N.C. 2016) (quoting *Chorley Enters.*, 807 F.3d at 563). In this case, Wells Fargo establishes both requisite elements: a valid, enforceable agreement to arbitrate Blair-Foster's employment claims exists, and all of Blair-Foster's claims are within the scope of the Agreement.

**A. The Parties Entered Into a Valid and Enforceable Agreement to Arbitrate.**

Blair-Foster executed a binding agreement to arbitrate claims arising out of her former employment with Wells Fargo. "When deciding whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under North Carolina law, "a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms." *Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, 748 S.E.2d 171, 176 (N.C. Ct. App. 2013). Like the federal courts, North Carolina courts recognize a strong public policy favoring arbitration and have held that, where there is any doubt concerning the existence of an arbitration agreement, it should be resolved in favor of arbitration. *Martin v. Vance*, 133 N.C. App. 116, 120, 514 S.E.2d 306, 309 (1999).

Here, Blair-Foster executed a valid, enforceable arbitration agreement. (*See* Mot., Exhibit A.) Blair-Foster signed the Agreement on August 8, 2019, demonstrating her assent. *Id.* That she did so electronically does not diminish the effect of her signature. *See* N.C. Gen. Stat. § 66-317(a) (providing that a signature may not be denied legal effect or enforceability solely because it is in electronic form); 15 U.S.C. § 7001(a) (same). The Agreement also informed Blair-Foster that she could consult legal counsel before signing it. (Mot., Exhibit A.)

Additionally, the Agreement provides mutuality of obligation: both Wells Fargo and Blair-Foster agreed to arbitrate any employment disputes. *See O'Neil v. Hilton Head Hosp.*, 115 F.3d

272, 275 (4th Cir. 1997) ("A mutual promise to arbitrate constitutes sufficient consideration for [an] arbitration agreement."); *Starnes v. Conduent Inc.*, No. 1:17CV495, 2018 WL 3466951, at *7 (M.D.N.C. July 18, 2018) ("This mutual agreement to be bound is sufficient consideration."). And the Agreement contains definite terms, including that both Blair-Foster and Wells Fargo "mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration." (Mot., Exhibit A.) Accordingly, Blair-Foster entered into a valid agreement to arbitrate.

**B. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.**

The Agreement states: "Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration." *Id.* "The Claims covered by this Agreement with any Wells Fargo entity . . . include, but are not limited to, claims for discrimination, harassment, retaliation. . . claims for violations of any federal, state, or local statute, regulation, or common law, including, but not limited to . . . *Americans with Disabilities Act*, . . . and all applicable amendments." (Mot., Exhibit A) (emphasis added).

The Complaint alleges that Wells Fargo discriminated and retaliated against Blair-Foster in violation of the ADA, as amended by the ADA Amendments Act of 2008, and that those violations culminated in her displacement. (ECF No. 1 ¶¶ 1, 60–78.) The Agreement names the statute, the amendments, and both theories of liability. Each of Blair-Foster's claims therefore falls squarely within the scope of the Agreement. (*See* ECF No. 1; Mot., Exhibit A.) Moreover, every act on which Blair-Foster bases her claims—her performance evaluations, her accommodation, her job responsibilities, and her selection for displacement—arises out of her "employment, or separation from employment with Wells Fargo." (Mot., Exhibit A.)

Because Blair-Foster and Wells Fargo have a valid, binding agreement to arbitrate Plaintiff's employment-related claims, and in light of the strong policy in favor of arbitration, the Court should compel arbitration. *See Pitt v. Wells Fargo Bank, N.A.*, No. 3:21-cv-3428-JFA-TER (D.S.C.) (ECF Nos. 24, 28) (order adopting report and recommendation granting Wells Fargo's motion to compel arbitration); *Ashford v. Wells Fargo Bank, N.A.,* No. 3:23-CV-00344-FDW-SCR, 2024 WL 1776427, at *1 (W.D.N.C., 2024) (order adopting report and recommendation granting Defendant's motion to compel arbitration and compelling arbitration of a former Wells Fargo employee's discrimination claims).

### C. The Court Should Dismiss This Action or, Alternatively, Stay It Pending Arbitration.

Where, as here, every claim asserted is subject to arbitration, the Fourth Circuit has recognized that dismissal is a proper remedy. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). The Supreme Court has since held, however, that when a court finds that a dispute is subject to arbitration and a party requests a stay of the court proceeding pending arbitration, Section 3 of the FAA requires the court to stay the proceeding rather than dismiss it. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Accordingly, Wells Fargo requests that the Court compel arbitration and dismiss this action without prejudice. In the alternative, and in any event should Plaintiff request a stay, Wells Fargo requests that the Court stay this action pending the completion of arbitration. 9 U.S.C. § 3.

## V. CONCLUSION

Blair-Foster executed a valid agreement to individually arbitrate all claims she may have against Wells Fargo relating to her employment and separation from employment. Despite the clear, definite terms of the Agreement, Blair-Foster has not complied with her obligations. Wells Fargo respectfully requests that the Court compel Blair-Foster to arbitrate her claims and dismiss

this action without prejudice or, in the alternative, stay this action pending the completion of arbitration.

Dated this 3rd day of November, 2026.

Respectfully submitted,

/s/ *Mary Grace Miller*
Mary Grace Miller (NC Bar No. 57395)
Lawrence D. Hilton (NC Bar No. 64966)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: mgmiller@fisherphillips.com
Email: lhilton@fisherphillips.com
*ATTORNEYS FOR DEFENDANT*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:26-cv-610

| | |
|---|---|
| LaWANDA BLAIR-FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS** with the Clerk of Court using the CM/ECF system.

Dated November 3, 2026.

Respectfully submitted,

By: */s/ Mary Grace Miller*
Mary Grace Miller, Esq.
**FISHER PHILLIPS LLP**